# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RETHA WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLORIDA FRATERNAL ORDER OF POLICE, NY LODGE 3100, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Retha Wright ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Florida Fraternal Order of Police, NY Lodge 3100, Inc. ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief through the investigation of Plaintiff's counsel as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and the Federal Communications Commission's implementing regulations, and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2. As alleged herein, Defendant violated the TCPA by placing unsolicited calls to Plaintiff and the Class (defined below) using an automatic telephone dialing system.

3. As further alleged, Defendant violated the FTSA by continuing to place unsolicited calls to Plaintiff and the Class, even after they had requested to not receive further communications.

4. Through this action, Plaintiff seeks injunctive relief to end Defendant's ongoing and future violations of the TCPA and the FTSA. Plaintiff also seeks an award of statutory damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367, as the FTSA claims form part of the same case or controversy as Plaintiff's claims under the TCPA.

7. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## PARTIES

9. Plaintiff is a natural person and, at all relevant times, was a resident of Augusta, Georgia.

10. Defendant is a Florida Corporation with its principal place of business in Lake Worth, Florida.

## FACTUAL ALLEGATIONS

11. At all relevant times, Plaintiff was the subscriber of a cellular telephone number ending in 5046.

12. Defendant purports to be a charitable organization that claims to solicit donations.

13. In order to solicit donations, Defendant places unsolicited calls to consumers using an automatic telephone dialing system without consent. And Defendant continues to bombard consumers with such unsolicited calls even after they request to not receive further communications from Defendant.

14. Beginning around May of 2022, Defendant began bombarding Plaintiff with unsolicited calls to her cell phone. Between that date and April of 2024, Defendant placed approximately ***284 unwanted calls*** to Plaintiff's cell phone.

15. Plaintiff has no existing business relationship with Defendant and never provided her telephone number to Defendant, which strongly suggests that Defendant placed the calls at issue using an automatic telephone dialing system.

16. On the second call she received from Defendant, Plaintiff asked Defendant to stop calling her, and Plaintiff repeatedly asked Defendant to stop calling her on each subsequent call she received. But Defendant ignored Plaintiff's requests and continued to harass her with unwanted phone calls.

17. Defendant's calls became so harassing that Plaintiff began blocking each phone number that Defendant used to call her, but Defendant continued to call Plaintiff using different numbers, which, as an example, include the following numbers that are all owned and/or controlled by Defendant:

    a. 352-654-3073 on April 12, 2024;

    b. 352-654-4831 on April 15, 2024;

    c. 352-654-4691 on April 17, 2024; and

    d. 352-654-4036 on April 23, 2024.

18. Defendant's conduct continued despite Plaintiff's efforts to opt out and block Defendant's phone numbers, and Defendant's calls harassed Plaintiff to the point that she was forced to obtain a new cell phone number.

19. Plaintiff never provided Defendant with prior express written consent, or any consent, to receive calls using an automatic telephone dialing system.

20. Defendant's unlawful calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

> **No TCPA Autodialer Class: All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received a call or voicemail, (2) by or on behalf of Defendant, (3) to their cellular telephone number, (4) using the same equipment or type of equipment utilized to call Plaintiff, (5) and who did not give prior express consent.**
>
> **The FTSA Internal Do Not Call Class: All persons in the State of Florida who, between July 1, 2021, and the date of class certification, (1) received a call or voicemail (2) by or on behalf of Defendant, (3) after making a request to not receive future calls.**

22. The Classes defined above are, at times, collectively referred to as, the "Class."

23. Plaintiff reserves the right to expand or narrow the definitions of the Classes following discovery.

24. Excluded from the Class is Defendant and its employees and agents.

25. *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and

therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

26. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

   a. Whether Defendant placed calls to Plaintiff and the Class using an "automatic telephone dialing system";

   b. Whether Defendant continued to placed calls to Plaintiff and the Class after they requested to not receive further calls;

   c. Whether Defendant can meet its burden of showing that it had the requisite consent to place the calls at issue to Plaintiff and the Class;

   d. Whether Defendant acted knowingly or willfully;

   e. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

28. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

29. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

### COUNT 1

**Violation of the TCPA,
47 U.S.C. § 227(b)(1)(A)
(On Behalf of Plaintiff and the TCPA Autodialer Class)**

31. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

32. It is a violation of the TCPA "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system[.]" 47 U.S.C. § 227(b)(1)(A).

33. Defendant—or third parties directed by Defendant—transmitted calls using an automatic telephone dialing system the cellular telephone numbers of Plaintiff and the members of the Class. This is supported by the sheer volume of calls Defendant placed to Plaintiff and the fact that Plaintiff never provided her phone number to Defendant.

34. Defendant did not have prior express consent to place such calls Plaintiff and the members of the Class.

35. Therefore, Defendant violated Section 227(b)(1)(A) of the TCPA.

36. Pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the Class members are each entitled to a minimum of $500.00 in statutory damages for each violation of the TCPA.

37. Defendant knew that it did not have consent to place such calls to Plaintiff and the Class and, therefore, Defendant's violations were willful or knowing. Thus, Pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA.

38. Plaintiff and the Class are also entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3).

## COUNT 2

### Violation of the FTSA, § 501.059(5)
### (On Behalf of Plaintiff and the FTSA Internal Do Not Call Class)

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Count, as though fully set forth herein.

40. The FTSA provides that a "person may not initiate an outbound telephone call…or voicemail transmission to a…donor or potential donor who has previously communicated to the…person that he or she does not wish to receive an outbound telephone call…or voicemail transmission…[m]ade on behalf of a charitable organization for which a charitable contribution is being solicited." Fla. Stat. § 501.059(5).

41. Plaintiff is, and at all times relevant was, a "called party" as defined by Section 501.059(1)(a) in that Plaintiff was the regular user of the telephone number that received Defendant's outbound calls.

42. Defendant is a "person" within the meaning of the FTSA.

43. Plaintiff was a "donor or potential donor" within the meaning of the FTSA.

44. Defendant placed the calls at issue to Plaintiff and the Class from Florida.

45. Plaintiff and the Class members communicated to Defendant that they did not wish to receive outbound telephone calls or voicemail transmissions from Defendant, but they continued to receive such calls and voicemails from Defendant.

46. Thus, Defendant's continued calls to Plaintiff and the Class members violate Section 501.059(5).

47. Plaintiff and the Class are entitled to an award of statutory damages of $500 for each violation of the FTSA. Fla. Stat. § 501.059(10)(a).

48. Plaintiff and the Class are entitled to an award of statutory damages of $1,500 for each willful or knowing violation of FTSA. Fla. Stat. § 501.059(10)(b).

49. Plaintiff and the Class are also entitled to an injunction against Defendant's ongoing and future violations of the FTSA. Fla. Stat. § 501.059(10)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for the following relief:

A. An Order certifying the Classes, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA and the FTSA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

E. An award to Plaintiff and the Class of attorneys' fees and the costs of this action;

F. An injunction against Defendant's continuing and future violations of law; and

G. Such further and other relief as the Court deems just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 17, 2024

Respectfully submitted,

*/s/ Chris Gold*
Chris Gold
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor

9

Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Classes*